State v. Davidson.

---

STATE OF MISSOURI, Respondent, v. ALFRED DAVIDSON, Appellant.

1. *Criminal Practice — Indictment — Robbery.*—An indictment charging that "the defendant feloniously did steal, take and carry away, &c., of the property of A., &c., which property defendant took and carried away, in the presence of A., and against his will, by putting him in fear of some great bodily harm," will be held sufficient.

2. *Crimes—Robbery.*—To constitute the offence of robbery in the first degree, the property must be taken from or in the presence of the prosecutor, against his will, and by putting him in fear of some immediate injury to his person, &c.

3. *Criminal Practice—Robbery.*—Under an indictment charging the offence of robbery in the first degree, the defendant may be convicted of larceny, but not of robbery in the second or third degree—State v. Jenkins, 36 Mo. 372.

### Appeal from Greene Circuit Court.

Davidson was indicted in the Christian Circuit Court for robbery. The indictment charged substantially that Alfred Davidson, on the 30th day of September, 1861, in the county aforesaid, did then and there feloniously, on purpose, and of his malice aforethought, steal, take and carry away a rifle gun, being then and there the property of John Day, and of the value of twenty dollars, which said rifle gun the said Alfred Davidson took and carried away in his presence, and against his will, by putting him in fear of some great bodily harm, with the intent in so doing, then the said Alfred Davidson, the said rifle gun aforesaid to feloniously steal, take and carry away, and convert to his own use and benefit,

and him the said John Day to feloniously rob, contrary, &c. A jury was empannelled, and the evidence was, in substance, that in September, 1861, defendant and Darden and Pettijohn came to Day's house and called for his gun, and Darden and Pettijohn having found it concealed in the house, took it, and they all went off together; that the three men were armed, and that he (witness) was put in fear; and that the gun, at the time it was taken, was not in sight of witness, but around on a back porch.

The court gave for the State the following instructions:

1. That if the jury believe from the evidence that defendant, within three years before the finding of the indictment, in the county of Christian, State of Missouri, did feloniously take and carry away the gun of John Day, in his (Day's) presence, or by putting said Day in fear, they will find defendant guilty of robbery in the first degree.

2. If the jury believe from the evidence that the gun in question was taken from John Day in his presence, by force, or by putting him in fear, each of the persons present, aiding in so taking the gun, is guilty.

3. If the offence of robbery is once complete, it cannot be purged by the offender giving back the property stolen to the owner.

4. If the jury find defendant guilty of robbery in the first degree, they will assess the punishment at not less than ten years; if for robbery in the second degree, not exceeding ten nor less than five years; if in the third degree, not exceeding five; and if for grand larceny, not exceeding five years.

5. That every man intends the natural and necessary consequences of his own acts.

Defendant objected to all these instructions except the third, and his objection being overruled, excepted. Defendant then asked the following instructions:

1. That admitting all the evidence offered on behalf of the State to be true, yet they must find the defendant not guilty

of robbery in the first degree, the offence with which defendant stands charged in the bill of indictment.

2. That unless they believe from the evidence that the defendant feloniously took and carried away a rifle gun, the property of John Day, from, in the presence and against the will of said Day, by putting said Day in fear of some immediate personal injury, they must find the defendant not guilty.

3. That unless they believe from the evidence the rifle gun was taken from and in the presence of John Day by defendant with a felonious intent, they will find defendant not guilty.

4. That unless they believe from the evidence that the taking charged in the indictment was done with the motive of gain or advantage to the defendant, or with such motive as to some third person, they must find the defendant not guilty.

5. That unless the jury believe from the evidence that the taking charged in the indictment was done in the presence of John Day, they must find the defendant not guilty.

6. That the words "in the presence," mean within the sight and view of the person from whom the goods are alleged to be taken, at the time of such taking.

The court refused the first, second and sixth instructions, and gave the third, fourth and fifth. The jury returned a verdict of guilty of robbery in the first degree, and assessed defendant's punishment at ten years' imprisonment in the penitentiary.

*T. A. Sherwood*, for appellant.

The instructions given on the part of the State were erroneous. The first is objectionable, because it submits a question of law to the jury. It is objectionable, because it instructs the jury that they may find the defendant guilty of an offence not charged in the indictment, to-wit, robbery in the first degree. It is objectionable, because it instructs the

jury that if the gun were "feloniously taken by putting Day in fear," it will warrant a conviction of robbery in the first degree.   The second instruction is erroneous, because it instructs the jury with regard to force, when none is charged in the indictment.   It is erroneous, because it instructs the jury with regard to putting him in fear, without stating the kind of fear—whether it be fear of immediate injury to the person, or fear of some injury to person or property, or to the person of any relative or member of the family, threatened to be inflicted at some different time.   The fourth instruction is erroneous, because it permits the finding of the defendant guilty of robbery in the first degree, or robbery in the second or third degree—neither of which are charged in the indictment—State v. Shoemaker, 7 Mo. 177 ;  Regina v. Reid, 1 Eng. L. & Eq. 595.   The fifth instruction is a mere abstraction.

The first and sixth instructions asked by the defendant and refused by the court, should have been given.   Admitmitting all the charges in the indictment, and all the evidence adduced in their support to be true, the jury would not be warranted in the finding defendant guilty of robbery in the first degree.   The sixth instruction correctly defines the meaning of the words " in the presence "—1 Russ. Crim. 873 ; 3 Greenl. Ev. § 228 ; Ros. Crim. Ev. 896 ; Wheel. Crim. C. 423 ; Barb. Crim. L. 143–4 ; Whart. Crim.L. § 1695 ; Turner v. State, 1 Ohio, 425.

The indictment does not charge such matter as is necessary to constitute robbery in the second or third degree—R. C. 1855, pp. 574–5, §§ 20, 21, 22 ; State v. Jenkins, 36 Mo. 372, and cases there cited.

HOLMES, Judge, delivered the opinion of the court.

This was an indictment for robbery in the first degree. The allegation is that the defendant feloniously did steal, take and carry away a rifle gun, the property of John Day, of the value of twenty dollars, " which said rifle gun the said

Alfred Davidson took and carried away, in his presence and against his will, by putting him in fear of some great bodily harm," &c. The words of the statute are, " by putting him in fear of some immediate injury to his person." It would be better to pursue the language of the statute ; but the purport of the expression used in the indictment is essentially the same, and will be deemed sufficient. At common law, it was enough that the party was put in fear—Whart. Crim. L. § 1695.

But the court committed error in instructing the jury. The first instruction to the jury, that if the defendant " feloniously took and carried away the gun of John Day in his presence, or by putting said John Day in fear," they would find him guilty of robbery in the first degree. This instruction being in the alternative, required only one of the two elements when both together were not enough to constitute the whole offence under the statute. Besides being in his presence, and by putting him in fear of some immediate injury to his person, it must have been also against his will.

The first instruction asked by the defendant was entirely correct, and should have been given, if warranted (as it would seem to have been) by the evidence.

The second instruction given for the State was also defective, in not including all the elements of the offence. The fourth instruction for the State was erroneous, in supposing that the jury might properly find the defendant guilty of robbery in the second or third degree, under this indictment. The offence charged was either robbery in the first degree or grand larceny only—State v. Jenkins, 36 Mo. 372.

It is unnecessary to notice the other exceptions taken by the appellant.

The judgment is reversed, and the cause remanded. Judge Wagner concurs ; Judge Lovelace absent.