State v. Woodward.

THE STATE v. WOODWARD, *Appellant*.

131 369
174 ²378
174 ²588

Division Two, December 3, 1895.

1. **Criminal Law**: ROBBERY : INTENT : INSTRUCTION. An instruction on a trial for robbery should declare, as necessary to a conviction, that defendant must have taken the property with intent to deprive the owner of it and to convert it to a use other than that of the owner and against the consent of the latter, and without an honest claim to it on the part of the defendant. Failure to so instruct will constitute reversible error.

2. ———: PRACTICE : INSTRUCTION : "FELONIOUSLY." The word "felonious" or "feloniously" need not be used in an instruction on the trial of a felony, or if used need not be defined.

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*Isaac B. Kimbrell* for appellant.

The instruction is not a correct definition of robbery. It omits the element of felonious intent. To constitute robbery the taking must be with intent to steal. This is elementary law. And the use of the words "with a felonious intent to deprive the owner of his ownership therein" coupled with a proper definition of the word, "felonious". is the proper method of charging the felonious intent. *State v. O'Connor*, 105 Mo. 121. See approved form *State v. Brown*, 104 Mo. 371. To use the words "did steal, take, and carry away" is merely to copy the language of the charging part of the indictment and tell the jury that if they find from the evidence that these facts are true they should return a verdict of guilty. This is not sufficient. *State v. Johnson*, 111 Mo. 578. See, also, *State v. Campbell*, 108 Mo. 613, and cases there cited, particularly *State v. Moore*.

*R. F. Walker*, attorney general, *Marcy K. Brown* and *Frank G. Johnson* for the state.

The defendant complains of the instructions given, claiming that they fail to define the crime of robbery. The instructions told the jury that before they could convict they must find that the defendant, by force and violence to the person and against the will of witness, John Powell, "did rob, steal, take, and carry away" the property of said John Powell. It is contended that the intent with which the taking was done is not sufficiently set forth. Instruction number 2 follows the language of the indictment, leaving out the word "felonious." This court has said in *State v. Johnson*, 111 Mo. 584, 585, that the word "felonious" should not be used in an instruction, and if used need not be

defined.  *State v. Scott,* 109 Mo. 226.   In the case at
bar, under instruction number 2, the jury had to find,
in order to convict, that defendant, either alone or with
another, did actually "steal;" there could be no steal-
ing without the *animus furandi*; it must have accom-
panied the taking and carrying away; if the word
larceny or other technical word had been used, it would
have been necessary to have defined it, but the word
steal is a common word, and requires no definition.
*Warder v. Henry,* 117 Mo. 530; *Carthage Marble Hall
v. Bauman,* 55 Mo. App. 204; *State v. Brown,* 104 Mo.
366; *State v. O'Connor,* 105 Mo. 121.

GANTT, P. J.—The defendant was indicted at the
January term, 1895, of the Jackson county criminal
court jointly with one Mary Dwyer for robbery in the
first degree.   He was tried separately and convicted
and sentenced to five years in the penitentiary.   The
evidence was amply sufficient to establish his guilt but
he complains of an erroneous instruction asked by the
prosecuting attorney and given by the court in these
words:
"The court instructs the jury, that if you find and
believe from the evidence that at Jackson county, Mis-
souri, at any time within three years prior to the filing
of the indictment in this case, the defendant, Fred
Woodward, either alone or with another, in and upon
witness, John Powell, did make an assault and any
money of any amount of any value whatever, of the
property of witness, John Powell, from the person and
against the will of said John Powell, then and there,
by force and violence to the person of the said John
Powell, did rob, steal, take, and carry away, you will
find the defendant guilty as charged in the indictment
and assess his punishment at imprisonment in the pen-
itentiary at not less than five years."

The exception to this instruction was well taken. The instruction falls short of an essential element, that of the felonious intent to deprive the owner of his property and to convert it to a use other than that of the owner without his consent and without any honest claim to it on the part of the taker. Had the instruction contained this necessary formula, it would have been sufficient. It was unnecessary to use the word "felonious" or "feloniously" or to define them. *Regina v. Hemmings*, 4 F. & F. 50; *State v. Brown*, 104 Mo. 365; *State v. Moore*, 101 Mo. 316; *State v. O'Connor*, 105 Mo. 121; *State v. Campbell*, 108 Mo. 613; *State v. Cantlin*, 118 Mo. 100; *Brown v. State*, 28 Ark. 126.

For this error the judgment must be and is reversed and the cause remanded for a new trial. SHERWOOD and BURGESS, JJ., concur.