**GANN v. GOUGH.**

No. 2285.

United States District Court
N. D. Georgia
Atlanta Division.

Aug. 2, 1948.

W. Paul Carpenter, of Atlanta, Ga., for petitioner.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

On December 19, 1944, petitioner was, in the United States District Court for the Western District of Tennessee, upon his plea of guilty, sentenced upon an indictment of four counts charging fraudulent impersonation of a Federal officer in violation of Title 18, Section 912, U.S.C.A., to concurrent terms of three years each on Counts 1, 2 and 3, and to a term of two years on

Count 4, which was made to commence at the expiration of the service of the concurrent sentences on Counts 1, 2 and 3.

As grounds for writ of habeas corpus, petitioner alleges that he was denied a hearing before a United States Commissioner; that he was denied the assistance of counsel though request was made therefor; that agents of the Federal Bureau of Investigation told him that he had better plead guilty or that it would be bad for him; that he was taken into court a short time after he had had an epileptic fit which rendered him incompetent to properly plead when arraigned; that no attorney was appointed to represent him until after his plea of guilty had been entered; that upon arraignment he did not understand the charges in the indictment but thought he was pleading guilty only to overdrawing his bank account; that he was indicted, arraigned and sentenced within a period of only two hours; that the lawyer appointed by the Court was inexperienced and not competent to fully protect petitioner's constitutional rights; and that the sentence imposed on Count 4, the sentences on Counts 1, 2 and 3 having been fully served, was void because the Court had no power to impose such consecutive sentence.

Upon the filing of the petition, the writ was issued returnable April 13, 1948, upon which date response was filed and petitioner brought into court. The case was partially heard and petitioner having asked the Court to appoint an attorney to represent him, an order was entered appointing Mr. Paul Carpenter to represent petitioner and the hearing continued to allow him opportunity to properly prepare the case. The case was heard upon its merits June 9th and 10th, 1948, dates agreed upon by the parties.

None of petitioner's contentions has been established either in point of fact or law, except to the extent expressly set out below.

Voluminous evidence was adduced at the trial. I find the following to be the relevant facts:

Petitioner was arrested in Jacksonville, Florida on December 4, 1944 upon a warrant and on the same day taken before United States Commissioner Carl Noble, and, after a hearing, was committed to jail in default of bond. Upon regular removal proceedings he was transferred to the Western District of Tennessee where, on December 19, 1944, he entered his plea of guilty and was sentenced.

The indictment upon which he was sentenced was returned in open court about noon on December 19, 1944 and he was sentenced between that time and approximately 2 o'clock. Before arraignment he was asked by the Court if he desired counsel and he replied in the affirmative. The Court later, but after petitioner had plead guilty, appointed Mr. George C. Lamanna, a reputable and competent attorney who consulted with petitioner, and at the time of sentence, addressed the Court in his behalf, but not until after the plea of guilty had been entered before his appointment and without his assistance. Mr. Lamanna, after the plea had been entered, conferred with petitioner, explained the indictment to him and was told by petitioner that he was guilty of the things charged therein.

█ Petitioner has been an epileptic since childhood and suffers frequent seizures. He contends that a seizure on the day he was sentenced prevented his making a competent and intelligent plea. The fact that a person is an epileptic does not necessarily keep him from being competent while not suffering a seizure, and I find that even though he may have had a seizure the morning he was sentenced, it did not incapacitate him from understanding what he was doing at the time he entered his plea. The evidence of the Judge, his attorney and other court officials was to the effect that his appearance and conduct at the time was normal. This is not to say that the plea was competently and intelligently entered, but only that epilepsy did not enter as a factor in the situation.

The case resolves itself then into the question as to whether or not petitioner competently and intelligently entered his plea of guilty in the circumstances proved and whether or not the failure to supply him with counsel upon his timely request and prior to the entering of the plea of guilty constituted a sufficient ground for discharge upon writ of habeas corpus.

Petitioner contends that because of his ignorance of law he thought he was entering a plea of guilty only to overdrawing his bank account and not to fraudulent impersonation. He has not established this contention and I find that he did understand at the time of sentence that he was pleading guilty to the charges set out in the indictment.

The facts of competency being against him, the case rests upon the question of law as to whether or not the failure to appoint counsel upon his timely request prior to the plea of guilty was such violation of his constitutional right as would require his discharge upon writ of habeas corpus.

 The Sixth Amendment of the Constitution guarantees the right of assistance of counsel to every one charged with crime. The assistance of counsel is recognized as essential to a fair trial of a case against the accused. "He requires the guiding hand of counsel at every step in the proceedings against him." Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 84 A.L.R. 527. "We hold that denial of opportunity to consult with counsel on any material step after indictment or similar charge and arraignment violates the Fourteenth Amendment." Hawk v. Olson, 326 U.S. 271, 278, 66 S.Ct. 116, 120, 90 L.Ed. 61. "Those observations are as pertinent in connection with the accused's plea as they are in the conduct of a trial. The decision to plead guilty is a decision to allow a judgment of conviction to be entered without a hearing—a decision which is irrevocable and which forecloses any possibility of establishing innocence." Williams v. Kaiser, 323 U.S. 471, 475, 65 S.Ct. 363, 366, 89 L.Ed. 398. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction * * *. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." Von Moltke v. Gillies, 332 U.S. 708, 719, 68 S.Ct. 316, 321. "If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right,

the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus." Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.L.R. 357.

 There is no question in this case of a waiver, since the evidence clearly shows that petitioner requested the appointment of counsel before arraignment and plea, unless his plea of guilty and subsequent acceptance of counsel and acquiescence in the imposition of sentence amounted to a waiver. They do not. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 637. "We do not presume acquiescence in the loss of fundamental rights." Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 307, 57 S.Ct. 724, 731, 81 L.Ed. 1093. On the contrary, "Every reasonable presumption is indulged against a waiver of fundamental rights such as the right of the accused to have the full and untrammeled assistance of counsel in the trial of a criminal case." Glasser v. United States, 315 U.S. 60, 61 (Headnote 8), 62 S.Ct. 457, 86 L.Ed. 680. In the language of the Supreme Court, "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser v. United States, supra, 315 U.S. at page 76, 62 S.Ct. at page 467. "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other-

facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 323. "A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial. See Williams v. Kaiser, 323 U.S. 471, 475, 65 S.Ct. 363, 366, 89 L.Ed. 398. Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." Von Moltke v. Gillies, 332 U.S. at page 721, 68 S.Ct. at page 322. "This duty cannot be discharged as though it were a mere procedural formality." 332 U.S. at page 722, 68 S.Ct. at page 322. "Arraignment is too important a step in a criminal proceeding to give such wholly inadequate representation to one charged with a crime." 332 U.S. at page 723, 68 S.Ct. at page 323.

Petitioner previously filed an application for writ of habeas corpus in the United States District Court for the Western District of Missouri upon substantially the same grounds as set forth in this case. The District Court first ruled that he was entitled to his discharge under the writ and directed that an order to this effect be entered. Before this was done, however, his attention was called to the case of Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545, and relying upon this authority, he reversed his decision and denied the writ. This judgment was affirmed by the United States Circuit Court of Appeals for the Eighth Circuit. Gann v. Pescor, 8 Cir., 164 F.2d 113.

In my opinion, the Canizio case is not controlling for the reason that the question arose out of the denial of counsel at time of arraignment and plea of guilty by a state court and the question presented was whether or not this was a denial of due process of law guaranteed in the Four-teenth Amendment. Rights under the Sixth Amendment were not considered.

While there have been innumerable cases involving the question of appointment of counsel, the line of demarcation between proceedings in state courts under the Fourteenth Amendment and cases in the United States Courts under the Sixth Amendment, has repeatedly been pointed out by the Supreme Court.

Unquestionably, where a case is brought in a state court under the Fourteenth Amendment, the failure to appoint counsel, except in capital cases, is not, by itself, a violation of the due process clause, but as shown by all the cases where the question was considered by the Supreme Court, other facts than failure to appoint counsel had to be shown. For example, as stated in Betts v. Brady, 316 U.S. 455, 473, 62 S.Ct. 1252, 1262, 86 L.Ed. 1595: "The Fourteenth Amendment prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel."

On the other hand, in criminal cases brought in the United States courts, the rule is different because it is not a question of due process of law, but of the observance of an express constitutional provision to the effect that the accused shall not be denied the assistance of counsel, and, as already pointed out, this means the right to counsel at each and every step in a criminal proceeding.

In my opinion, the failure to appoint counsel before arraignment and plea of guilty, thereby denying petitioner the assistance of counsel at these vital steps of the case vitiated the conviction and the judgment thereon is inconsistent with the provisions of the Sixth Amendment. For this reason, petitioner is entitled to discharge upon writ of habeas corpus.

Whereupon, it is Considered, Ordered and Adjudged that the writ of habeas cor-

pus be, and same hereby is sustained, and that the respondent discharge petitioner from custody at the end of twenty (20) days from this date, unless a further supersedeas be granted by this Court, such delay being allowed to afford opportunity for appeal if desired, or, in order to enable the Court that imposed the sentence to reassume jurisdiction of petitioner and to take such further steps in the case as the law may permit.