OPINION
On January 3, 2000, Appellant was arraigned on one count of driving under a license forfeiture in violation of R.C. § 4507.02(D)(1) and entered a plea of not guilty to said charge. At this time, the arraigning judge inquired of the appellant as to whether he had funds to hire legal counsel or whether he felt that he was indigent. Appellant responded that he had funds to hire an attorney.; The Court then informed Appellant that the trial date in this matter was set for February 4, 2000, and that Appellant was to inform the Court no later than January 25, 2000, as to the name of his attorney or, if he needed additional time to get an attorney, to request an extension prior to that time and same would be granted.; On January 20, 2000, Appellant sent a letter to the Court stating that a change in his financial situation had occurred and that he was now requesting court-appointed counsel. Appellant provided the Court with two contact telephone numbers.; The Court attempted to contact Appellant at both of the numbers provided on January 20th and January 21st, but received no answer at either number. The court left a message on the answering machine of one of the numbers and advised appellant that he needed to come to the court and complete an affidavit of indigency.; On February 4, 2000, the date set for the trial in this matter, Appellant appeared in Court and changed his plea to no contest. The Court found Appellant guilty on his no contest plea and sentenced him to serve 30 days in jail and pay a $400.00 fine. The jail sentence was suspended in lieu of 40 hours of community service.; On February 14, 2000, Appellant requested court-appointed counsel for purpose of appeal.; On March 6, 2000, the Court granted a stay of execution of sentence pending appeal.; ASSIGNMENT OF ERROR; THE TRIAL COURT ERRED IN FAILING TO INQUIRE AS TO THE DEFENDANT/APPELLANT'S ABILITY TO AFFORD COUNSEL; Appellant claims that the Court erred in failing to inquire as to the appellant's ability to afford legal counsel. We agree.; It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.; A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial. See Williamsv. Kaiser, 323 U.S. 471, 475, 65 S.Ct. 363, 366, 89 L.Ed. 398.; Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered. Von Moltke v. Gillies (1948), 332 U.S. 708, 68 S.Ct. 316,92 L.Ed. 309.; In the case sub judice, the Court inquired of Appellant as to his need for court-appointed counsel at the arraignment on January 3, 2000, in this matter:; The Court: Now, do you have funds to hire a lawyer if you want to get one, or do you feel that you're indigent?; (T. of Arraignment at 11).; Appellant responded by stating:; The Defendant: No. I have funds to take care of that.; (T. of Arraignment at 11).; The Court then advised Appellant that he needed to inform the Court no later than January 25th as to who his attorney would be or if he needed additional time to attain counsel. (T. of Arraignment at 11-12).; On January 20, 2000, when the Court received Appellant's request for court-appointed counsel, the Court contacted appellant at one of the telephone numbers provided by the appellant and left a message stating that it was necessary for him to come to court and complete an affidavit of indigency. The Court made additional attempts to reach Appellant by telephone on January 21, 2000, but was again unsuccessful.; On February 4, 2000, the date scheduled for the trial in this matter, Appellant signed a waiver of trial and entered a plea of no contest to the charge of driving under a license forfeiture in violation of R.C. § 4507.02(D)(1). At no time before or during his plea did the judge inquire of the Appellant as to his prior request for court-appointed counsel or a waiver of said counsel.; In order to establish effective waiver of right to counsel, a trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right. U.S.C.A. Const. Amends. 6, 14; R.C. §§ 2941.50(A); Crim.R. 44(A).; The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence." Powell v. Alabama (1932), 287 U.S. 45.; The United States Supreme Court in Von Moltke v. Gillies (1948), 332 U.S. 708,; 723, 68 S.Ct. 316, 323, 92 L.Ed. 309, held that:; "* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Since the record shows that Appellant did in fact request court-appointed counsel on January 20, 2000, prior to the deadline set by the trial court for notication of counsel, we find that the trial court failed to make sufficient inquiry into whether appellant was waiving his right to counsel when he appeared in February 4, 2000, and entered his no contest plea. The judgment of the trial court is reversed and this cause is remanded.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton Municipal Court, Coshocton County, Ohio is reversed.
 ____________ Boggins, J.
Gwin, P.J. Hoffman, J.