**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAYBE TORRES,

      Petitioner-Appellant,

v.

RON LYTLE,

      Respondent-Appellee.

No. 03-2098
District of New Mexico
(D.C. No. 02-1397 MCA/LCS)

ORDER AND JUDGMENT  *

Before **TACHA** , Chief Judge,  **McKAY** and **McCONNELL,**  Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Laybe Torres was convicted in early 2002 of one count of retaliating against a witness, Ralph Medina, in violation of N.M. Stat. Ann. § 30-24-3(B), and was sentenced to seven years in prison for his offense.  Mr. Torres appealed

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his conviction to the New Mexico Court of Appeals (the NMCA), and after the conviction was affirmed, petitioned for habeas corpus in federal district court. Without reviewing the record of Mr. Torres's state trial, the district court denied the petition, but we granted a certificate of appealability with respect to one issue: whether the NMCA was reasonable in concluding that the jury had sufficient evidence to convict. After considering the government's brief on this issue, we conclude that we cannot answer this question without a review of the state proceedings. We therefore vacate the district court's denial of Mr. Torres's petition and remand for further examination.

## FACTUAL BACKGROUND

Mr. Torres's habeas petition was dismissed without an evidentiary hearing, examination of the state trial record, or findings of fact by the district court. Moreover, his direct appeal from the retaliation conviction was placed on New Mexico's summary calendar. This meant that instead of reviewing the audiocassette recordings of the trial, the NMCA based its decision on the facts of trial as reported in Mr. Torres's docketing statement and in subsequent filings by counsel (including an exhibit containing the threat letter). *See State v. Ibarra*, 864 P.2d 302, 305 (N.M. App. 1993). Thus, at the current stage of the proceedings, there is no record of the retaliation trial other than what appears in Mr. Torres's pleadings here and in state court. The government does not appear

-2-

to challenge his statement of the facts. We must therefore accept Mr. Torres's account of the facts at trial for purposes of this appeal. *Miller v. Champion*, 161 F.3d 1249, 1258 (10th Cir. 1998) (accepting as true the habeas petitioner's uncontroverted account of the facts); *see Williams v. Kaiser*, 323 U.S. 471, 473-74 (1945).

Underlying Mr. Torres's offense are two incidents that occurred in September 1997, both relating to Mr. Torres and Mr. Medina. On the first of that month, a house belonging to Mr. Medina burned down, and Mr. Medina told the police that he suspected Mr. Torres had started the fire. Mr. Torres was never indicted for this offense, nor was he ever investigated or treated as a suspect. Two weeks later, another incident occurred, which Mr. Medina claimed was a second attempted arson. In the course of the second incident, Mr. Torres broke a window on Mr. Medina's property. The State ultimately prosecuted Mr. Torres for misdemeanor property destruction because of the broken window. That charge came to trial in July of 1999, and Mr. Medina testified against Mr. Torres at that trial. Two days after Mr. Medina's testimony, Mr. Torres sent Mr. Medina an anonymous but threatening letter, which was ultimately the basis of his conviction for retaliating against a witness. The two-page letter called Mr. Medina a "rat" and threatened to kill him; a significant portion of it was also dedicated to a

demand that Mr. Medina stay away from a woman Mr. Torres referred to as "my Ruby."

At the retaliation trial, the government called only two witnesses. The first was a handwriting expert, who presumably testified that Mr. Torres could have authored the letter. The second was Mr. Medina. He testified that he had reported Mr. Torres to the police in connection with both of the September 1997 incidents, and that he had received the threatening letter shortly after Mr. Torres was convicted in connection with the second incident.

## DISCUSSION

Mr. Torres argues that there was insufficient evidence to support his conviction for witness retaliation, and thus that he was denied due process of law. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). To keep reviewing courts from usurping the jury's constitutional role as factfinder, the standard for determining whether the jury had sufficient evidence is extremely deferential; a court can disturb a jury determination only if, "viewing the evidence in the record in the light most favorable to the prosecution," no rational jury could have reached that conclusion. *Id.*; *Hale v. Gibson*, 227 F.3d 1298, 1334 (10th Cir. 2000). Furthermore, because the Antiterrorism and Effective Death Penalty Act (AEDPA) requires a habeas court to defer to state court determinations, *see* 28 U.S.C. § 2254(d), Mr. Torres is not entitled to relief unless the NMCA's

determination that there *was* sufficient evidence was unreasonable. *See Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003)[1]; *Williams v. Taylor*, 529 U.S. 362, 405 (2000). That amounts to deference squared.

The statute under which Mr. Torres was convicted provides as follows:

> Retaliation against a witness consists of any person knowingly engaging in conduct that causes bodily injury to another person or damage to the tangible property of another person, or threatening to do so, with the intent to retaliate against any person for any information relating to the *commission or possible commission of a felony offense* or a violation of conditions of probation, parole or release pending judicial proceedings given by a person to a law enforcement officer.

N.M. Stat. Ann. § 30-24-3(B) (emphasis added). The jury instructions stated that the jury could convict Mr. Torres only if it found beyond a reasonable doubt that the letter was in retaliation for reporting the September 1 suspected arson (a possible felony offense), not the September 15 property damage. We assume that this jury instruction reflected the terms of the indictment,[2] which was not made

[1]As in *Torres v. Mullin*, Mr. Torres does not dispute the factual findings of the NMCA (indeed, he could not, as the NMCA relied on his own docketing statement for the facts). Thus, we follow *Torres* in determining that the NMCA's sufficiency-of-the-evidence determination was primarily a legal one. *See* 317 F.3d at 1151-52. Accordingly, the appropriate standard of deference forbids us from granting relief unless the NMCA's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1).

[2]The jury instructions set forth what the jury had to find in order to convict
(continued...)

-5-

part of the record on appeal, and thus that Mr. Torres could be convicted only if there were sufficient evidence that the threatening letter he sent to Mr. Medina was in retaliation for Mr. Medina's report to the police regarding the September 1 arson incident.

But none of the evidence presented at trial, as recounted in the NMCA docketing statement and in Mr. Torres's federal court pleadings, points toward retaliation for the 1997 arson report (as opposed to the 1999 property damage testimony). Indeed, according to Mr. Torres, there was no evidence that he even knew about that report. The threatening letter itself seems at least partially motivated by a quarrel over a woman named Ruby, and even to the extent it does seem to be in retaliation for giving information, it makes no reference to the September 1 arson report. It was sent two days after Mr. Medina's testimony in the misdemeanor trial involving the September 15 incident, and about two years after Mr. Medina's report to the police regarding the September 1 alleged arson. Furthermore, Mr. Medina admitted that in the two years between his arson report and his testimony in the misdemeanor trial, Mr. Torres took no retaliatory action against him. Indeed, Mr. Medina testified that he believed the letter was sent in

_____

[2](...continued)
Mr. Torres of the crime "as charged in Count I of the Indictment."  Instruction 3, R. doc. 13, Ex. A.

retaliation for his testimony at the misdemeanor trial. The timing of the letter tends to confirm that theory.

The New Mexico Court of Appeals decided that the jury could disagree with Mr. Medina's explanation of the letter's motives, and decide on the basis of circumstantial evidence that the letter was meant, at least in part, as retaliation for the earlier arson report. However, its opinion provides no indication as to what circumstantial evidence could support such a conclusion; it notes only that there is nothing in the threatening letter that would preclude the jury from deciding that it was in retaliation for the arson report as well as the misdemeanor testimony. We do not dispute that the jury could disagree with Mr. Medina's explanation, but it could do so only on the basis of evidence. And given Mr. Medina's intervening misdemeanor trial testimony, general evidence that Mr. Torres was angry at Mr. Medina for being a "rat" does not show that he was retaliating for the 1997 arson report. The NMCA's only stated reason for sustaining the jury's implicit finding on that point is that the content of the letter did not specifically rule it out. But absence of evidence to the contrary cannot suffice as a basis for a defendant's conviction; it has been established at least since *Jackson* that given the presumption of innocence, a guilty verdict cannot be allowed to stand where there is no evidence one way or another with respect to an element of the crime. *See Jackson*, 443 U.S. at 315, 320 (reaffirming and strengthening the Court's previous

holding in *Thompson v. Louisville*, 362 U.S. 199 (1960), that a conviction cannot stand when there was no evidence that the defendant satisfied a particular element of a crime). Thus, while there was ample evidence that Mr. Torres threatened retaliation for Mr. Medina's testimony against him in the 1999 misdemeanor property damage trial, we have not been pointed to any evidence connecting the threatening letter to Mr. Medina's 1997 arson report, which was the only basis on which the jury instructions permitted a conviction.

The Government argues in its brief that there was sufficient evidence to sustain the conviction because there was evidence that Mr. Torres found out about the 1997 suspected arson report at the 1999 property damage trial. According to the Government, "[t]he critical fact is that the letter was posted July 29, 1999, just two days after Torres heard Medina testify under oath that he told police he believed Medina was responsible for the September 1, 1997 arson." Appellee's Br. 10. We have no quibble with the Government's theory as a legal matter. Nothing requires that Mr. Torres's retaliation be based *solely* on the 1997 arson report, so long as it was one of the things Mr. Torres was angry about. If the jury heard evidence that Mr. Torres discovered the arson report at the misdemeanor trial or in preparation for it, there would be sufficient evidence to sustain the jury's verdict. But we see no evidence in this record for the Government's "critical fact." The government's only citation for the claim that Mr. Medina

testified at the misdemeanor trial about the earlier arson report comes from Mr. Torres's own docketing statement, which states that "Medina testified that he suspected that the Defendant had started the fire." Docketing Statement at 2, R. doc. 10, Ex. C. In context, however, this clearly refers to Mr. Medina's testimony *at the retaliation trial*, not at the 1999 misdemeanor trial. Obviously, Mr. Medina's testimony in 2002 cannot provide a basis for Mr. Torres's retaliation in 1999.

The only way to tell whether there was evidence before the jury suggesting that Mr. Torres knew about the 1997 arson report is to do what no reviewing court to date has done: review the actual record from the retaliation trial. The Government contends that we should presume that there was such evidence, because "Torres failed to present to the district court the record of his trial at which Medina testified." Appellee's Br. 8. We are not convinced that the burden of providing the record fell on Mr. Torres in this case. That question is governed by 28 U.S.C. § 2254(f) (emphasis added):

> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, *if able*, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. *If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the*

*record* and the Federal court shall direct the State to do so by order directed to an appropriate State official.

Because the district court granted Mr. Torres's motion to proceed *in forma pauperis*, it appears not unlikely that the burden was on the Government to provide the record. Nevertheless, we leave this issue for the district court to consider on remand.

Because the record below does not provide sufficient evidence on which a jury could have convicted Mr. Torres, we **VACATE** the district court's order denying his petition for habeas relief, and **REMAND** to the district court for further consideration consistent with this opinion.

Entered for the Court,


Michael W. McConnell
Circuit Judge