**MELANSON v. O'BRIEN.**

Misc. Civ. No. 51-4.

United States District Court
D. Massachusetts.

Jan. 25, 1951.

Elmer A. Melanson, pro se.
None for respondent.

SWEENEY, Chief Judge.

Accompanying the application for a writ of habeas corpus is an informal application to proceed *in forma pauperis*, which is allowed. A petition for the assignment of counsel and another petition for a writ of habeas corpus ad testificandum are both denied because it appears from the application for the writ that the applicant is not entitled thereto. A reading of the application discloses the following facts:

On January 4, 1946, the applicant was brought before the District Court of Berkshire County on a charge of rape and abuse of a female child. He was held in $1,000 bail and his case was postponed to January 11. On that day he was bound over to the Grand Jury and his bail was raised to $5,000. On January 16 he was indicted by the Grand Jury, and on January 22 went to trial and was convicted. He has exhausted his remedies in the state courts, and his application for certiorari has been denied by the Supreme Court of the United States.

The federal questions raised here were raised in the state court proceedings on motion for a new trial, which was denied. The applicant here contends that he was denied due process of law in violation of his rights under the Fourteenth Amendment to the Constitution of the United States (1) by trial without counsel, (2) trial *in camera,* and (3) a general allegation that he was denied due process of law by lack of fairness. This lack of fairness is not specified.

There is nothing to the applicant's complaint because the case was tried *in camera.* The application shows that, in trying this case for the abuse of a female child, the Court merely excluded spectators from the courtroom which of course it had a right to do. This was not an abuse of the Court's discretion.

As to his complaint that he proceeded to trial without counsel, I know of nothing in the Fourteenth Amendment which would prevent a defendant from going to trial without counsel under the proper circumstances. The Fourteenth Amendment guarantees a right to proceed with counsel, Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398. The denial of opportunity to consult with counsel on any material step after indictment or similar charge and arraignment violates the Fourteenth Amendment. Hawk v. Olson, 326 U.S. 271, 278, 66 S.Ct. 116, 90 L.Ed. 61. The application does not allege that the right to have counsel was interfered with, but merely that he went to trial without counsel. It further discloses that he had $3,500 with which to employ counsel, that he did while in the county jail consult with a lawyer from Pittsfield, and that at the time he went to trial he made no request to the Court for a continuance, nor did he complain about the fact that he did not have counsel. It is quite true that he had asked the District Attorney to agree to a continuance in order that he might get counsel, but upon the District Attorney's refusal to agree to a continuance he apparently did not pursue the matter further.

From the above I find no violation of a constitutional right, and the application for the writ is denied.