## MELANSON v. O'BRIEN.
### Misc. Civ. No. 51–4.

United States District Court
D. Massachusetts.
Feb. 1, 1951.

Elmer A. Melanson, pro se.
No attorney for defendant.

SWEENEY, Chief Judge.

Since my memorandum of January 25, 1951, denying the writ of habeas corpus in this case, 95 F.Supp. 230, I have received from the applicant a letter dated January 29, 1951, together with an enclosure and a brief. For the purpose of appeal the letter and enclosure are designated as part of the record.

■ Upon the receipt of the brief I again reviewed this case in the light of the Supreme Court cases mentioned therein, but arrive at the same conclusion, namely, that the writ of habeas corpus should not issue. This case seems to come within the ruling of the Supreme Court in Betts v. Brady, Warden, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. That case is even stronger, for the petitioner there, who was being tried on a charge of robbery, asked the Court to designate counsel for him because he had no funds with which to hire an attorney. The Court did not grant this request, and the petitioner was tried and sentenced to a term of eight years. While serving his sentence he applied for a writ of habeas corpus. The writ issued, the cause was heard, and his contention was rejected. In that case, 316 U.S. at page 473, 62 S.Ct. at page 1262, the Supreme Court said that: " * * * the Fourteenth Amendment prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel."

■ In the instant case there is no allegation in the application that the Court as a Court did anything which could be considered as unfair conduct of the trial, or which interfered with this applicant's constitutional rights; nor is there any allegation that the trial without counsel was unfair because of the ignorance, youth, or other incapacity of the applicant.

Acting upon the request of the applicant as it appears in the last paragraph of his letter of January 29, 1951, the Clerk of this Court is instructed to record the applicant's "Notice of Intention to Appeal" to the United States Court of Appeals.