**Charles Gene ELLIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6211.**

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1959.

See publication Words and Phrases,
for other judicial constructions and definitions of "Epilepsy".

———◆———

No appearance for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Appellant seeks relief by motion made under 28 U.S.C.A. § 2255 from a sentence imposed upon him after plea of guilty entered in the United States District Court for the Western District of Oklahoma to offenses charged in violation of 18 U.S.C.A. § 2314. Claim is made that the sentence was void because the trial court, having had reasonable cause to believe appellant mentally incompetent under 18 U.S.C.A. § 4244, failed to make inquiry relative to appellant's mental capacity before accepting the plea of guilty and imposing sentence thereupon. The contention is based solely upon the fact that the trial court was aware that appellant had a history of epilepsy.

We find no merit to the contention. The record shows that appellant was represented by competent counsel at the time of plea and that no indication of any nature was made that appellant was not fully competent at such time. The appellant's disease was considered by the sentencing court and its consideration is indicated in the sentence itself and in the plan of confinement provided. Epilepsy is not insanity and is distinguished therefrom medically and legally. Gann v. Gough, D.C.N.D.Ga., 79 F.Supp. 912; Black's Law Dictionary, Fourth Edition, 629; cf. 8 U.S.C.A. § 1182(a) (2) and (4). We hold, therefore, that mere awareness upon the part of the trial judge that appellant had a history of epilepsy is not, as a matter of law, a prohibition against the acceptance of plea and imposition of sentence. If, in fact, appellant was or is now mentally incompetent adequate remedy lies in the provisions of 18 U.S.C.A. § 4245. Gordon v. United States, 10 Cir., 250 F.2d 676.

The trial court properly denied appellant's motion and the judgment is affirmed.