(No. 36896.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES P. PICKETT, Plaintiff in Error.

*Opinion filed May 27, 1963.—Rehearing denied Sept. 10, 1963.*

SAMUEL S. SIEGEL, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and THOMAS A. HETT, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On February 17, 1961, the defendant, James P. Pickett, was indicted with others in the criminal court of Cook County for the crime of assault with intent to commit robbery. At his arraignment he entered a plea of not guilty, but later he withdrew that plea and entered a plea of guilty. Judgment was entered on the plea and the defendant was sentenced to the penitentiary for a term of not less than five nor more than twelve years.

On this writ of error the defendant contends that his guilty plea should not have been accepted because he was not mentally capable of understanding its consequences, and that he was denied due process of law because of the incompetence of the attorney who represented him.

When the defendant pleaded guilty he had a medical history which indicated that he was subject to epileptic seizures. During the proceeding at which he entered his plea of guilty, he apparently suffered an epileptic seizure. The proceedings were continued for what is described in the record as "an interval of time", and were subsequently resumed at the request of defendant's attorney. The defendant stated in response to questions by his attorney that he realized the consequences of his plea. The trial judge then also advised the defendant of the consequences of a plea of guilty, and the plea was accepted.

The defendant argues that because the trial judge was aware that he had a history of epileptic seizures and because he appears to have had such a seizure during the proceeding at which he pleaded guilty, a sanity hearing should have been conducted before his plea was accepted. This argument rests upon the assumption that his epilepsy necessarily

raised such a doubt as to his sanity that a sanity hearing was required before his plea could be accepted. (See *People* v. *Burson,* 11 Ill.2d 360, 370.) In our opinion that assumption is not tenable. It is not supported by any of the medical authorities cited by the defendant, one of whom states unequivocally that a person so afflicted "is in a perfectly normal state between attacks." See also *Ellis* v. *United States,* 274 F. 2d 52 (CA 10 1959); *State* v. *Clark,* 156 Wash. 47, 286 P. 69.

The notion that the defendant did not understand the proceedings is contradicted also by the following colloquy that took place between the defendant and the court:

"The Defendant: May I say something, Your Honor? Due to the Veteran's Administration given me this prescription for the rest of my life—this is Pheno-Barbital—medicine.

The Court: I have looked into this matter carefully.

The Defendant: What I would like to say is this. Down at the penitentiary, because of the Pheno-Barbital—

The Court: You do not think they will give you the proper attention you need?

The Defendant: No, sir, they will not. They will give me sodium dilantin, but they will not give me Pheno-Barbital. The Veteran's Administration said I'll die if I don't get both of them.

The Court: If they do not give you the proper treatment down there, you bring that to the attention of the Court."

The defendant was represented by counsel of his own choice who knew him and the members of his family. His charge that his attorney "sold him out" is totally without merit. The defendant was apprehended in the course of his attempt to commit an armed robbery. Just what his attorney could have done for him that he did not do is not apparent.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*