————o————

STATE OF MISSOURI, Respondent, vs. JOHN HOWERTON, et al., Appellants.

1. *Indictment—Robbery in first degree—Fear of immediate injury, etc.*—An indictment for robbery in the first degree, charging that the prisoner committed the crime simply by putting the victim "in bodily fear," is bad. In that grade of the offense it should be charged that the fear was of some immediate injury. (Wagn. Stat., 456, § 20.)

*Appeal from Jasper Circuit Court.*

*G. H. Walser*, for Respondent.

*Hockaday, Attorney General*, for Appellants, cited in argument, State vs. Wilcoxen, 38 Mo., 370; State vs. Davidson, 38 Mo., 374.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for robbery in the first degree, and on his motion the indictment was quashed, and the State appealed. The indictment charged that the defendant, "with force and arms, in and upon one William Gennan, feloniously did make an assault, and the said William Gennan in bodily fear and danger of his life, then and there feloniously did put; and two mules, each of the value of seventy-five dollars, and two harness, each of the value of twenty dollars, and one wagon, of the value of fifty dollars, of the goods and chattels of the said William Gennan, from the person and against the will of the said William Gennan, then and there, feloniously and by force and violence, did rob, steal, take and carry away," etc.

The statute defining robbery in the first degree, declares, that " every person who shall be convicted of feloniously tak-

ing the personal property of another from his person, or in his presence and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (Wagn. Stat., 456, § 20.)

I am inclined to think that the indictment is bad. It is alleged that the defendant feloniously made an assault upon Gennan, and feloniously put him in bodily fear and danger, and then took the personal property of Gennan against his will, and feloniously by force and violence did rob, steal, take and carry away, etc. Although not following the precise language of the statute, the indictment is substantially good so far as it goes. But some of the essential elements necessary to constitute robbery in the first degree are left out.

In robbery in the first degree, it is indispensable that the putting in fear should be of some immediate injury. This distinguishes it from robbery in the second degree, (§ 21) where the fear may arise from the threatened injury to be inflicted at a different time. Unless the violence which puts the party in fear is of some immediate injury to his person, there can be no robbery in the first degree.

The omission to make this charge is a substantial defect, which alone is sufficient to lead to an affirmance. The judgment is affirmed; the other judges concur except Judge Vories, who is absent.