The State v. Stinson.

THE STATE v. STINSON, *Appellant.*

Division Two, November 5, 1894.

**Criminal Law**: ROBBERY: INDICTMENT.  An indictment under Revised Statutes, 1889, section 3530, for robbery, need not charge that the person robbed was put in fear where it charges that the act was committed with violence.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*R. F. Walker,* Attorney General, and *Morton Jourdan,* Assistant Attorney General, for the state.

(1) The indictment sufficiently charges the crime of which the defendant has been convicted.  R. S. 1889, sec. 3530.   (2) It is charged that the robbery was committed by force and with violence; hence it was unnecessary to charge that the person robbed was put in fear. The judgment, therefore, should be affirmed.

SHERWOOD, J.—Indictment for, and conviction of, robbery in the first degree.  The indictment is bottomed on section 3530, Revised Statutes, 1889, and charges that the crime was committed by force and with violence; and it was unnecessary under that section to charge that the party robbed was put in fear if the act was done with violence.   That section comprises two kinds of robbery of the degree mentioned, one by violence, the other by putting in fear.   This was the rule at common law where violence was used.   A well known text writer says:   "With respect to the putting

in fear, it is not necessary to lay a putting in fear in the indictment; and the circumstance of actual fear need not be proved upon the trial; for if the fact be laid to be done violently and against the will, the law *in odium spoliatoris* will presume fear." 2 Russell on Crimes [9 Ed.], *122.

As there is no bill of exceptions in this cause, and as the record proper is regular on its face, judgment affirmed. All concur.