## THE STATE v. ANDREW WEINHARDT, Appellant.

### In Banc, December 24, 1913.

ROBBERY: Instruction for Petit Larceny: No Violence or Threats: Fear. Where defendant, indicted for robbery, entered a saloon and took $20 from the cash register and carried it away, the court commits reversible error if it fails to instruct the jury on the crime of petit larceny, if there is any sub-

stantial evidence, even though it be only the improbable testimony of defendant, that in taking the money he did not assault the keeper's wife at the time in charge of the register and of the saloon, and did not place her in fear of immediate danger to her person. Even though she may have been scared, that fact alone did not convert defendant's acts in taking the money into the crime of robbery, unless he intentionally did or said something which placed her in fear of immediate injury to her person.

*Held*, by WALKER, J., dissenting, (1) that, measuring the grade of the offense by defendant's testimony alone he was not entitled to an instruction for petit larceny, for he testified that he told the saloon keeper's wife, "I won't hurt you," to which she replied, "Don't hurt me, take all you want," and if that testimony is true he was not guilty of either robbery or larceny in any degree; and (2) the rule being that neither courts nor juries are required to yield credence to a witness who, to save himself from justly merited punishment, makes unreasonable statements inconsistent with all the other testimony and with the physical facts and then boldly invokes an instruction based upon such simulated evidence, the court should not have given an instruction for a lesser grade of the offense based upon defendant's testimony alone that he did not touch or threaten the prosecutrix, since all the other testimony is to the effect that the defendant and his cousin went to the saloon, in the neighborhood in which he had lived from boyhood, and while the cousin remained on the outside on the lookout, defendant entered, and finding the keeper's wife alone and in charge, caught her by the throat and told her to shut up, that if she did not he would kill her, and then dragged her about half the length of the bar to where the cash register was located, and while holding her with one hand opened the register with the other and took out the money, during which time she was unable to speak, but recovering her voice said, "You can have that money, but leave me alone; don't kill me."

## Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

Reversed and remanded.

*Zachritz & Zachritz* for appellant.

(1) Robbery in the first degree, under our statutes and decisions, involves an intentional putting in

fear, or the use of violence by the defendant. State v. Sommers, 12 Mo. App. 375; State v. Smith, 119 Mo. 439; State v. Jenkins, 36 Mo. 372; State v. Howerton, 59 Mo. 91. (2) Where there is evidence of any witness tending to establish the commission of an offense included in the one embraced in the information, but of a lesser degree, it is the duty of the court to instruct the jury upon such lower grade of offense. Secs. 4904, 5231, R. S. 1909; State v. Doyle, 107 Mo. 42; State v. Harris, 209 Mo. 440; State v. Grant, 144 Mo. 67; State v. Williams, 186 Mo. 128; State v. Richardson, 194 Mo. 326; State v. Hoag, 232 Mo. 316; State v. Austin, 183 Mo. 479; State v. Scott, 172 Mo. 545. (3) It is the duty of the court, whether requested or not, to instruct the jury in writing upon all questions of law, arising in the case, which are necessary for their information in giving their verdict, and a failure so to do is good cause for setting aside the verdict, in the event of a conviction, and granting a new trial. Secs. 5231, 5284, R. S. 1909, and cases cited above.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) Before the jury could convict the defendants, or either of them, they were required by the court in instruction numbered 2 to find that they, or either of them, had: (a) Assaulted Mrs. Koebbe, (b) and by violence to her person, (c) and by putting her in fear, (d) unlawfully and fraudulently, (e) in her presence, (f) and against her will, (g) did take $20, (h) to convert to their own use, (i) and said money belonged to Mrs. Koebbe, and if the jury did not so find the facts to be they should acquit. This instruction was proper. State v. Cantlin, 118 Mo. 108; State v. McLain, 159 Mo. 340; State v. James, 216 Mo. 394. (2) The court was specifically requested to instruct on petit larceny, and on refusal to do so, defendant saved his exception. De-

fendant's testimony made a case of petit larceny against himself. The jury were told by the court, in instruction numbered 2, that unless they believed from the evidence that the money taken from the possession of Mrs. Koebbe was taken in her presence and an assault was made on her, and by violence to her person, or by putting her in fear of some immediate injury to her person, they should acquit the defendant. In other words, the jury were told by the court in this instruction that if the money taken by defendant from the cash register in the Koebbe saloon was taken in the manner described by defendant in his testimony, then they should acquit him, although his testimony was a confession of the crime of petit larceny. The jury were told that if defendant was only guilty of petit larceny, he should be acquitted. We admit that the crime of petit larceny is included in a charge of robbery, and we also assert that had defendant been acquitted of the charge of robbery, he could not afterwards be convicted of petit larceny. State v. Anderson, 186 Mo. 25. Defendant's rights were not jeopardized by the refusal of the court to instruct the jury on petit larceny. There are a few decisions of this court that intimate as much, but we have been unable to find a case in this State squarely holding that it was error to refuse such an instruction on a charge of robbery. These cases are: State v. Coffee, 158 Mo. 568; State v. Whalen, 148 Mo. 286; State v. Brown, 104 Mo. 365. But in each of these cases the court said that the evidence of the defendants and their witnesses disclosed innocence on their part, if true, and it was therefore not error to refuse to instruct on petit larceny. In the case at bar, the jury in effect were told by the court, in instruction numbered 2, that if they believed the testimony of the defendant, that is, that he took the money out of the cash register in Koebbe's saloon in the presence of Mrs. Koebbe, without force or violence to the person of Mrs. Koebbe and without putting her in fear of immediate injury to

her person, and without threatening her in any way, they should acquit him. The giving of instruction numbered 2 was most clearly and decidedly in defendant's favor, in view of his own testimony. If the jury believed his testimony, they were told to acquit him, and if they did not believe his testimony, they were to find him guilty of robbery in the first degree, and the jury having found him guilty of robbery in the first degree is conclusive that they disbelieved his testimony and believed the testimony of Mrs. Koebbe. Clearly, under this instruction, the failure of the court to instruct on petit larceny was not an error prejudicial to defendant, but in his favor, because if the jury believed his testimony we would be discharged forever from the offense of taking this money from the cash register in Koebbe's saloon. Sec. 5115, R. S. 1909.

BROWN, J.—Defendant appeals from a judgment of the circuit court of St. Louis City sentencing him to serve five years in the penitentiary for the alleged crime of robbery in the first degree, as denounced by section 4530, Revised Statutes 1909.

The evidence on the part of the State strongly tended to prove that defendant entered a saloon kept by one Koebbe, and by seizing and choking Koebbe's wife, who was temporarily in charge of said saloon, forced her to permit him to take about twenty dollars from the cash register, which he carried away and converted to his own use.

It is unnecessary to incumber this opinion with the detailed evidence on the part of the State—it amply supports the verdict and judgment. The only error assigned upon which defendant seriously insists for reversal is the failure of the trial court to instruct the jury on the crime of petit larceny.

Defendant's learned counsel assert that the defendant's evidence tends to prove that he did not use any violence towards Mrs. Koebbe, and did not place

her in fear of immediate injury to her person while he was taking the money, and, therefore, the court should have given his requested instruction on petit larceny.

That part of defendant's testimony which it is contended presents the issue of petit larceny is as follows:

"Q. Did you drink any beer in the saloon, Andreas? A. I asked for a glass of beer.

"Q. Was it served? Did you get it? A. Yes, sir.

"Q. Now, tell the jury what happened, in your own way, as near as you remember it. A. Mrs. Koebbe was standing behind the bar and we was making fun there, talking like that, and I walked behind the bar and rang the cash register and took the money out, and she says I should don't hurt her.

"Q. Speak louder. A. She told me that I should don't hurt her, and I says, 'No, I ain't going to do nothing'; and I walked right outside. That is all I know about it.

"Q. Did you take the money? A. Yes, sir.

"Q. That is all you know about it? A . Yes, sir.

"Q. Now, Andreas, I will ask you did you grab her by the throat, or put your hands on her, or threaten to kill her, or anything like that? A. No, sir, not a word like that. She was excited and nervous, and she was standing there talking.

"Q. But you did take the money, did you? A. Yes, sir.

"Q. Then when you got the money what did you do? A. I walked out. . . .

"Q. And you told her that you wasn't going to kill her if she didn't hollow? A. No, sir; I just told her I wouldn't hurt her.

"Q. You did tell her that you would not hurt her if she did not hollow? A. No, sir.

"Q. What did you say to her? A. I just said to her, 'I ain't going to hurt you.' She said, 'Don't hurt me, take all you want.'

State v. Weinhardt.

"Q. And just before you went behind there you ordered a glass of beer and she set that on the counter? A. Yes, sir.

"Q. And instead of taking the beer that is when you ran behind her? A. _No, sir; she took the nickel and went to put it in the register, and I walked back there.

"Q. You tell this jury you did not touch her at all? A. Yes, sir.

"Q. And had not threatened to kill her? A. No, sir. . . .

"Q. I will ask you whether you told this officer, Sergeant Hussey, or any other of these officers, that you had gotten Mrs. Koebbe by the throat, or threatened to kill her? Did you tell them anything like that? A. No, sir.

"Q. Did anything like that happen, as near as you can remember? A. No, sir. . . .

"Mr. Shaner: You say then, if I understand you correctly, that you know everything that you did on the inside of that saloon but you are not sure of everything you did on the outside; is that correct? Answer that, yes or no.

"Judge Zachritz: I object to that. He hasn't stated that.

"A. I know I didn't do much on the inside, just took that money and walked out; that is all I done.

"Q. If you were drunk and don't know what you did, you don't know but what you put your hands on this woman there, as she says you did, do you? A. I know I didn't do that.

"Q. You didn't touch that old woman in there? A. No, sir.

"Q. That is correct? A. Yes, sir."

I. When this case was heard in Division Two of this court, the writer was of the opinion that defendant's own evidence amounted to an admission that at

the time he took the money from the cash register he placed Mrs. Koebbe in fear of immediate injury to her person, and, therefore, I favored the affirmance of the judgment appealed from. But upon a reargument of the case in Banc, and a re-examination of the evidence, I am convinced that the testimony of defendant did warrant an instruction on the crime of petit larceny.

The crime of robbery in the first degree includes all the elements of larceny with the added acts of violence or putting in fear, etc., so that, under

**Robbery:** **Instruction** **for Petit** **Larceny.** section 4904, Revised Statutes 1909, if there was substantial evidence that in taking the money from Koebbe's cash register the defendant did not assault Mrs. Koebbe nor place her in fear of immediate injury to her person, then it became the duty of the trial court to instruct the jury that it might find defendant guilty of petit larceny provided it believed that he took, stole and carried away the money from Koebbe's cash register, and that he was not guilty of robbery as that crime was defined in the instructions. Though Mrs. Koebbe may have been scared, that fact alone does not convert defendant's acts in taking the money into the crime of robbery, unless he intentionally did or said something which placed her in fear of immediate injury to her person.

However improbable the testimony of defendant may have been the court could not refuse to submit it to the jury. By refusing and failing to give any instruction on the crime of petit larceny the court arbitrarily refused to allow the jury to consider defendant's evidence, and thereby committed reversible error. [State v. Richardson, 194 Mo. 326; State v. McBroom, 238 Mo. 495; State v. Hoag, 232 Mo. 308, l. c. 316; State v. Bidstrup, 237 Mo. 273, l. c. 286.]

Other alleged errors are assigned by defendant, but, if errors at all, they are not likely to reoccur upon

another trial of this cause; therefore we have not considered them.

For the error of the circuit court in failing to submit to the jury the issue of petit larceny as presented by defendant's evidence, its judgment must be reversed and the cause remanded for a new trial. It is so ordered. All concur except *Walker, J.,* who dissents in separate opinion filed.

WALKER, J.—I. I do not concur in the majority opinion in its holding that an instruction for petit larceny was authorized upon the testimony of appellant; upon this testimony he was, if not guilty of robbery, entitled to an acquittal. He denies the assault, and as confirmatory of his testimony that he did not put the woman, who was in possession of the money, in fear of immediate injury, he says, "I told her I wouldn't hurt her," to which she replied, "Don't hurt me, take all you want." In the absence of an assault or putting in fear, one or the other necessarily essential to the crime, there can be no robbery, and if the owner of the property under these circumstances consented to the taking of the same, there is absent an equally vital essential to the existence of the lesser offense, and there can be no larceny. It is elementary that the crime of larceny always includes the taking and conversion of property without the consent of the owner. Hence, there can be no larceny if, as the appellant contends, the owner voluntarily parted with the possession of the property. [State v. Court, 225 Mo. 609, 614; State v. Anderson, 186 Mo. 25, 35; State v. Waller, 174 Mo. 518, 523; State v. Storts, 138 Mo. 127, 137.] This rule is so universal that the employment of further space in the citation of authorities in its support is not necessary, except to say that it has been held in Colorado that when property is taken with the consent of the owner, no matter how guilty may have been the purpose

and intent of the taker, there is no larceny. [Connor v. People, 36 Am. St. (Col.) 295.] Measuring the grade of the offense by appellant's testimony alone, he was, therefore, not entitled to an instruction for petit larceny, and the trial court ruled correctly in refusing same.

II. However, there is another equally cogent reason why the instruction should not have been given. While it is true that a defendant, when charged with an offense consisting of different grades, or where one offense includes another, may be entitled, under proper testimony, to an instruction for a lesser grade of offense than the one with which he is charged, although his testimony alone may afford the basis for such an instruction, there is a well-established exception to this rule, viz.: that the testimony, on which the instruction for a lesser grade of offense is based, must not be inconsistent and unreasonable when compared with all the other testimony in the case, and, if so, it should not be given.

In view of a different announcement of the rule in State v. Richardson, 194 Mo. 326, 344, which is not and does not assume to be supported by any authority, to the effect that a defendant is entitled to such an instruction as we have referred to, no matter how inconsistent and unreasonable may have been his statements, we deem it not improper to summon at least a few of the well-reasoned authorities in this jurisdiction to bear witness in opposition to the rule as thus announced.

In State v. Nelson, 118 Mo. 124, the accused was convicted of an assault with intent to kill, in having shot at an officer with a pistol; the court held that while a defendant in a criminal case has a right (which we do not question here) to testify as to the intent with which he did the act, he is not entitled to an instruction upon his oral testimony where it is contradicted by the physical facts.

In Payne v. Railroad, 136 Mo. 562, 583, the court holds in passing upon certain testimony not deemed in accord with the physical facts, that: ''Even in criminal cases, involving liberty or life, we have repeatedly ruled that, if a party testifies directly in the face of, and in opposition to, obvious physical facts, neither courts nor juries are bound to stultify themselves by giving credence to such testimony,'' citing in support thereof a number of Missouri cases.

In State v. Pollard, 139 Mo. 220, 228, this court says: ''Heretofore we have said, and we have frequently repeated the observation, that neither courts nor juries are required to yield credence to the statements of a witness who, to save himself from justly merited punishment, challenges the array of all the physical facts in the case, and then boldly invokes instructions based upon such simulated evidence,'' citing in support thereof some six earlier cases decided by this court.

In State v. Hamilton, 170 Mo. 377, an assault with intent to kill, it was held that an instruction will not be authorized where the defendant testifies that he shot simply to scare parties and not to do them any harm; that his intention will be measured and estimated by his acts and not by his subsequent explanatory words.

In State v. Fraga, 199 Mo. 127, 136, it is held in a murder case that where the facts are clearly inconsistent with the defendant's account of the homicide, he is not entitled to an instruction on the ground of self-defense, citing in support thereof a number of cases.

In State v. Vaughan, 200 Mo. 1, 22, it is held that where the defendant testified to a pretended agreement and distinct understanding with others that no one should be hurt or killed in the perpetration of a felony agreed upon, which testimony was inconsistent with the physical facts, the court should for that reason alone refuse such an instruction. Courts are not required

to yield credence to the statement of a defendant absolutely inconsistent with the physical facts and base an instruction on such simulated evidence.

In State v. King, 203 Mo. 560, 571, a murder case, the defendant sought to have the court give an instruction for a lower degree of homicide based on his own testimony, which was refused on the ground that it was in contradiction of all the other testimony in the case, and that "neither courts nor juries are required to stultify themselves by rejecting the immutable facts in a case."

In State v. Arnold, 206 Mo. 589, 600, an assault with intent to kill, the court holds that neither courts nor juries are required to accept as true, evidence which contradicts the admitted physical facts in a case.

In State v. Tucker, 232 Mo. 1, 18, it is held that where the statements of the defendant so contradict the physical facts, and his conduct was so unreasonable and inconsistent with the experience of mankind, that the court was not bound to believe him, the court was not bound to instruct the jury on his testimony for a less grade of the offense than murder in the first degree.

A brief review of the facts in the case at bar, under the rule announced in the authorities cited, will enable it to be determined whether an instruction for petit larceny should have been given.

Appellant and his cousin, both under the influence of liquor—a fact repeatedly sought to be emphasized by the counsel for the defense during the trial—went to Koebbe's saloon, at the time in charge of his wife, and, finding her alone, the cousin remained outside, evidently on the lookout, while appellant caught Mrs. Koebbe by the throat and told her to shut up; that if she did not, he would kill her; he then dragged her about half length of the counter or bar, to where the cash register was located, and, while holding her with one hand, he opened the register with the other and

took out the money. During this time she was not able to speak, but, recovering her voice, she said, "You can have that money but leave me alone; don't kill me." He then dragged her back to the end of the counter or bar, and ran out; this in brief is the testimony for the State, except that the police officers, who arrested appellant and his cousin, testified that both made statements admitting the offense as charged.

The probative force of evidence must, under all circumstances, be measured by the standards of average human intelligence and the ordinary experience of men. Taking into consideration the fact that the appellant was bent on taking the money, which is not disputed, the testimony for the State is not a strained or distorted account of what probably happened. A woman of Mrs. Koebbe's station and environment, especially when employed as a barkeeper in her husband's absence, was little likely to be alarmed, much less intimidated by any words, although framed as threats, of a man under the influence of liquor. As the appellant was of the same nationality as Mrs. Koebbe, and had lived from boyhood in the neighborhood, he doubtless knew her personally and realized full well that nothing short of an assault, coupled with threats, would enable him to accomplish his purpose. He employed both, and forcibly held her while he robbed the register.

Defendants in criminal cases should, under all circumstances, be accorded fair and impartial trials, but where, as in this case, the proof of guilt is convincing, and the statements of the defendant are so contradictory to and inconsistent with all the other testimony, we cannot, without subscribing to the violation of a rule in the administration of the criminal law, which we regard as established beyond cavil, agree with the majority that the instruction in question should have been given.

· A most earnest and vigorous defense was made by counsel for the appellant, and he was allowed such latitude that the transcript is replete with testimony in his client's behalf, which, under a proper regard for the rules of evidence, should have been excluded; notwithstanding this, the jurors under their oaths found, beyond a reasonable doubt, that appellant was guilty as charged, and this finding was approved by the trial court in its overruling of the motion for a new trial.

I am, therefore, of the opinion that the judgment of the trial court should be affirmed.