**STATE of Missouri, Respondent,**

v.

**Arthur BURRINGTON, Appellant.**

No. 49850.

Supreme Court of Missouri,

Division No. 2.

Oct. 14, 1963.

Richart, Titus & Martin, Joplin, for appellant.

Thomas F. Eagleton, Atty. Gen., John C. Baumann, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

On April 22, 1941, Arthur Burrington was convicted of robbery in the first degree and sentenced to 15 years' imprisonment. On August 1, 1962, under rule 27.26, V.A.M.R. he filed a motion to vacate the sentence and judgment alleging as grounds that in his April 1941 trial his constitutional rights had been infringed in two respects: (1) that he was denied the "effective assistance of counsel" in that his court appointed attorney, also one of his lawyers in this proceeding, was appointed to represent him on April 19, 1941, that "knowledge of such appointment did not come to said attorney until 9:00 a. m. April 21, 1941" after the case was set for trial and "said attorney was allowed only until April 22, 1941, the following day, to prepare for trial" and (2) that the information upon which he was tried and convicted was insufficient to charge the offense of robbery in the first degree in that it "failed to charge that the offense was committed either by violence to the person of the person robbed, or by putting the person robbed in fear of some immediate injury to his person." Upon these allegations under this proceeding to vacate the judgment there was a hearing before the Circuit Court of Jasper County, the county in which Burrington was tried in 1941, he was represented by counsel procured by him, a supporting deposition from a witness in Alaska was filed and at the conclusion of the hearing "by consent the said motion is taken up, and after being seen, heard and fully understood by the court the same is overruled."

■ There is however an insuperable obstacle to this court's consideration of either of these claims. Appellant's counsel does not claim that either of these matters is shown or demonstrable upon the transcript filed in this court. On the contrary, appellant's brief says "Before proceeding with Statement of Facts, Points and Authorities, * * * Counsel respectfully begs leave to point out to the Court certain points in which the Transcript differs in material matters from what Counsel's file shows and Counsel's understanding of the material facts; keeping in mind that this brief is being written a distance of some 200 miles or more from Joplin, where the trial involved took place, and without access to the original file in the office of the Circuit Clerk of Jasper County." Counsel then attaches to their brief two papers designated as "Exhibit A" and "Exhibit B" and "(a)ppellant prays this Court to consider the foregoing matters, in connection with the Exhibits attached to this Brief, and to make such order correcting said errors as this Court shall deem proper." The insuperable obstacle to all these claims and this court's consideration of them is that after the hearing of the motion and after the entry of the indicated judgment, and after the appellant was allowed to appeal as a poor person, the official court reporter prepared a certified transcript and on March 13, 1963, that transcript was formally approved by the prosecuting attorney of Jasper County and by appellant's counsel and was duly filed in this court on March 15, 1963. There is then on file in this court an official transcript agreed to by the parties, and there was no attempt to have it corrected and approved by the trial court. Sup.Ct. Rule 82.12(c).

■ And while the review of an appeal from an order denying a motion to vacate is de novo (Sup.Ct. Rule 28.05), the transcript agreed to by the parties and filed in this court contains the information, defendant's arraignment and plea, his presence and that of his counsel throughout the trial, the verdict, allocution and judgment. Sup.Ct. Rule 28.08. The consequence is that of necessity the appeal will be disposed of upon the solemnly agreed to and officially filed transcript. State v. Thompson (Mo.) 324 S.W.2d 133. Matters contained in appellant's brief or elsewhere not incorporated in or made a part of the officially approved transcript may not be considered

by this court. State v. Deckard, (Mo.) 354 S.W.2d 886; State v. Richardson, (Mo.) 315 S.W.2d 139; State v. Hite, (Mo.) 298 S.W.2d 411. In these circumstances there is no basis in fact for the appellant's asserted reasons for vacating the 1941 sentence and judgment. State v. Marlin, (Mo.) 177 S.W.2d 485. Of course, in robbery in the first degree violence to the person or putting in fear of some immediate injury is essential (RSMo 1959, Sec. 560.-120, V.A.M.S.; State v. Howerton, 59 Mo. 91) but the information in the officially agreed to transcript alleges in this regard that Burrington "with a dangerous and deadly weapon, to wit, a revolver, and against the will of the said LeRoy Worley, then and there by force and violence to the person of the said LeRoy Worley, feloniously did rob, steal, take and carry away" money and property of the value of $20 and is therefore not void for failure to charge an offense. State v. Herron, (Mo.) 349 S.W.2d 936. And of course a defendant's constitutional rights may be infringed because of failure to grant a continuance or by reason of denying him the right to the "effective assistance of counsel." State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595; State v. Kauffman, 329 Mo. 813, 46 S.W.2d 843. But upon the officially agreed to transcript there was no application for a continuance, the parties announced ready for trial, there was no request for a delay and there was no claim that counsel was unprepared. The deposition of the witness from Alaska reveals that there may have been some reason for the appellant's willingness to proceed to trial on March 22, 1941, namely the availability on that day of his friend and transient vagrant Kiteley as a witness. In any event, there is no basis in the official transcript for the defendant's complaint that he was denied the effective assistance of counsel. State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719; State ex rel Stewart v. Blair (& Smith), 357 Mo. 287, 208 S.W.2d 268.

Since under the officially certified and agreed to transcript the appellant is unable

to factually support or demonstrate his claims the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.