**STATE of Missouri, Respondent,**

v.

**Larry Ray H,ALL, Appellant.**

**No. 56905.**

Supreme Court of Missouri,
Division No. 2.

May 14, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

J. Arnot Hill, Hill & McMullin, Kansas City, for appellant.

MORGAN, Presiding Judge.

Charged with the crime of robbery in the first degree, § 560.120, RSMo 1969, V.A.M.S., defendant was tried to the court, found guilty and assessed punishment of six years imprisonment.

On November 13, 1970, the victim, Mrs. Modrow, went shopping for groceries. While there, she met a friend, Mrs. Yoos. Each had her own small shopping cart, and they decided to walk home together. While doing so, they encountered three young men who took Mrs. Modrow's purse which contained something over twenty dollars. She testified that she, ". . . had it [the purse] over the handle of the cart . . .

with her hand on the handle . . .." She also stated: "I looked around and here was a fellow pulling at my purse there on my cart." She was thrown to the ground and suffered such injuries as to require her going to a hospital. Mrs. Yoos testified that defendant pointed a gun at her, and one of the three said: "This is a holdup. All we want is your money." She then saw Mrs. Modrow on the ground and the young men running away.

A university student in the area had seen Mrs. Modrow on the ground, and had reported to the police the event and license number of a car the men had circling the block. The driver also testified for the state. He testified the three were passengers in his car; that they told him to stop that they might get out; that he was told to drive around the block; and, that when he picked them up again, he saw Mrs. Modrow's purse and a gun for the first time. Further testimony brought out that the purse and gun were thrown from the car sometime thereafter. Both were recovered by the police. One officer testified defendant had admitted that money in his pocket had come from the purse, but defendant denied this fact. Defendant took the stand and confirmed most of the state's evidence. However, he said that he did not participate in the robbery, and that he was on the other side of the street at the time. He denied any knowledge of plans to commit the crime and blamed the other two.

On appeal, defendant submits (1) that the information was defective in that it did not charge defendant with robbery in the first degree, and (2) that the evidence was insufficient to sustain the charge and judgment of conviction.

■ The information charged that defendant: ". . . did feloniously rob, steal, take and carry away . . . the money and personal property of the said Dora Modrow from the person and against the will of the said Dora Modrow then and there, by force and violence to the person of the said Dora Modrow and by putting the said Dora Modrow in fear of an immediate injury to her person . . .." Such allegations include all of the essentials of the offense of robbery in the first degree as specified in § 560.120. State v. Hood, Mo., 313 S.W.2d 661, 663 [2, 3] (1958); State v. Lowe, Mo., 375 S.W.2d 52, 53 [2] (1964). Although the statute presents the elements of "violence" and "putting in fear" in the disjunctive, it is not error to charge the same in the conjunctive. State v. Foster, Mo., 249 S.W.2d 371, 372 (1952). Point one is without merit.

■ In connection with point two, defendant relies on State v. Adams, Mo., 406 S.W.2d 608 (1966), and similar cases, which involved facts inconsistent with the requirement that "violence" or "putting in fear" must be "prior to or contemporaneous with the taking." Such cases are more in point where the property was "snatched" from the victim and neither of the elements noted was present. A factually similar precedent is that of State v. Houston, Mo., 451 S.W.2d 37 (1970), wherein it was found that: "The only evidence in the case as to the actual taking of Nellie's purse was that it was done accompanied by force and violence . . .." The same is true in the instant case. Where violence is shown, absent evidence to the contrary, fear will be presumed. State v. Stinson, 124 Mo. 447, 27 S.W. 1098 (1894); State v. Gideon, Mo., 453 S.W.2d 938, 940 (1970). The state was not required to show that defendant, individually, did each and every act required to constitute the crime charged, for: "There can be no doubt that . . . all who act together with a common intent in the commission of a crime are equally guilty." State v. Gregory, Mo., 406 S.W.2d 662, 666 (1966).

The judgment is affirmed.

All of the Judges concur.