**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Rodney H. CARROLL,
Defendant-Appellant.**

**No. 11122.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 1979.

John D. Ashcroft, Atty. Gen., Teresa Aloi Angle, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ronald K. Carpenter, David T. Welch, Phillips, McElyea, Walker & Carpenter, Camdenton, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Rodney H. Carroll was convicted of first degree robbery [§ 560.120 RSMo 1969] on an information which charged he "wilfully, unlawfully, and feloniously by means of a certain dangerous and deadly weapon, to-wit: One (1) pistol, take, steal and carry away money . . . of one Mary Danuser, then and there in the lawful care and custody of the said Mary Danuser with the felonious intent to permanently deprive the owner of the use thereof and to convert the same to his own use, all contrary to Section 560.120 RSMo 1969 . . . ." We reverse and remand.

The statute defining robbery in the first degree, declares, that "Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, *by violence to his person*, or *by putting him in fear of some immediate injury to his person* . . . shall be adjudged guilty of robbery in the first degree." (Our emphasis).

In order to constitute robbery in the first degree the property must be taken from the person robbed by violence to his person or by putting him in fear. *State v. Adams*, 406 S.W.2d 608 (Mo.1966); *State v. Spivey*, 204 S.W. 259 (Mo.1918). The crime of robbery in the first degree includes all the elements of larceny, with the added acts of violence to or putting in fear the person robbed. *State v. Parker*, 324 S.W.2d 717 (Mo.1959); *State v. Weinhardt*, 253 Mo. 629, 161 S.W. 1151 (1913). To charge the crime of robbery in the first degree it is mandatory that the information aver either the element of violence or putting in fear. Kelley's Criminal Law and Practice, 3rd Ed., § 626 (1913); 77 C.J.S. Robbery § 40 (1952); 67 Am.Jur.2d, Robbery § 39 (1973); *State v. Howerton*, 59 Mo. 91 (1875); *State v. Hall*, 494 S.W.2d 5 (Mo.1973); *State v. Hood*, 313 S.W.2d 661 (Mo.1958); *State v. McKinney*, 528 S.W.2d 1 (Mo.App.1975).

The State seeks to overcome the obvious deficiency in the information by pointing out it charges defendant took the property of the victim by means of a pistol and this mode of taking provides "the element of violence and force necessary to a charge of robbery first degree." The answer to this contention is that the italicized portion of the statute, supra, makes it clear what constitutes first degree robbery and does not concern itself with the means or acts which brought on the violence or the fear. *State v. Crockett*, 543 S.W.2d 314 (Mo.App.1976). In a prosecution under § 560.135, RSMo 1969, the penalty for first degree robbery may be enhanced if the offense was committed by means of a dangerous and deadly weapon, but under this latter statute the necessary elements constituting first degree robbery must be alleged and proved. *State v. McKinney*, supra.

The State, in its brief, examines the trial transcript and concludes defendant was not misled as to the nature of the offense for which he was being tried and had notice of the charge against him. Apparently, the State would have us consider this a waiver by the defendant of the basic defect in its information. What was said by our Supreme Court in *State v. Brooks*, 507 S.W.2d 375 (Mo.1974), disposes of the State's contention. At 376 the court said:

"The indictment by a grand jury, or an information, is the method by which a criminal proceeding is instituted. Rule 24.01 V.A.M.R. provides that it 'shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' It is jurisdictional in the sense that if it fails to charge a crime the court acquires no jurisdiction to proceed, and whatever transpires thereafter is a nullity. *Montgomery v. State*, 454 S.W.2d 571 (Mo.1970); *State v. Hasler*, 449 S.W.2d 881 (Mo.App.1969). It is necessary to allege in an information or indictment all the elements of the crime intended to be charged, *State v. Colbart*, 411 S.W.2d 92 (Mo.1967), if such elements are missing they cannot be supplied by

intendment or implication. *State v. Cantrell*, 403 S.W.2d 647 (Mo.1966). Also, where the information or indictment fails to contain an essential averment in the description of the offense it must be held bad even after verdict. *State v. Forsythe*, 406 S.W.2d 633 (Mo.1966)."

The judgment is reversed and the cause is remanded.

All concur.