**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Melvin JONES, Defendant–Appellant.**

No. 52592.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 29, 1987.

Rehearing Denied Feb. 4, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Melvin Louis Jones, appeals from his conviction, after a jury trial, of robbery in the first degree and the resultant sentence of fifteen years' imprisonment.

On appeal defendant claims three points of trial court error: (1) the indictment was insufficient to confer jurisdiction because it failed to allege an essential element of robbery in the first degree, to wit, violence toward the victim or putting the victim in fear; (2) by overruling defendant's motion for judgment of acquital because the State failed to prove the victim was subjected to violence or was put in fear of bodily harm and because the State's evidence "was so riddled with inconsistencies that it lacked probative value"; and (3) because the trial judge deprived him of a fair trial by denying his motion for a mistrial, by denying his request to make a record on his objection, and by admonishing his counsel, all in open court. We affirm.

At approximately 9:15 p.m., December 21, 1985, defendant accosted James Pope in the parking lot of the Roadway Motel in St. Louis, Missouri. Defendant asked Mr. Pope for $40. When Mr. Pope refused, defendant threatened to kill him and poked his jacket out as though he had a gun in his pocket. Consequently, Mr. Pope gave defendant money.

Defendant thereafter fled, and Mr. Pope chased him first in his car and then on foot. Defendant ran behind a building into a parking lot. Mr. Pope circled around the building and located defendant crouched behind a bush approximately one hundred feet away. Mr. Pope testified "I yelled at him and I said if he didn't have a gun I was going to get him; and at that point, he pulled out what looked to be a gun to me. And I took off running the other way." Mr. Pope ran back to the Roadway Motel parking lot with defendant chasing him. Upon returning to the parking lot, Mr. Pope explained to security guards that defendant had just robbed him.

An employee of the Roadway Motel, Larry Galbraith, saw Mr. Pope return to the parking lot with defendant chasing him. Thereafter, Mr. Galbraith saw defendant get into a car and drive out of the parking lot. Mr. Galbraith ran up to the side of defendant's car to try to stop him from leaving, but defendant pulled away. Mr. Galbraith then wrote down the license number of the car, FGT–477.

Police Officer James Proemsey arrived on the scene approximately 10 minutes later. He interviewed both Mr. Pope and Mr. Galbraith and received an account of what happened as well as a description of the assailant. Mr. Galbraith described the assailant as a black man, about six-one or six-two, heavy set, wearing a green fatigue jacket, bluejeans, a stocking cap, afro and beard. He also gave the officer the license number he copied down. Mr. Pope described the assailant as a black man, about six foot one or two, approximately 185 pounds, facial hair, wearing a stocking cap and army field jacket.

Officer Proemsey checked the license number of the car and determined defendant was the owner. Subsequently, the license number was added to a list of wanted vehicles circulated among all officers.

Police Officer Timothy Clifton was on patrol in St. Louis, December 23, 1985, when he spotted a car with the license plate number FGT–477. He stopped the car be-

cause the license number was on the wanted list. Defendant was driving the car and was taken into custody.

Thereafter, Mr. Pope viewed a lineup and identified the defendant as the man who robbed him. Mr. Galbraith also viewed a lineup and identified the defendant as the individual he saw chasing Mr. Pope. At trial both men identified defendant as the assailant. The defendant testified in his own defense and denied that he had committed the crime.

■ Defendant first claims the indictment was fatally defective because it failed to allege in the charge of first degree robbery the element of violence toward the victim or putting the victim in fear. The test of sufficiency of an information or indictment is whether it contains all essential statutory elements of the offense and whether it clearly apprises defendant of the facts constituting the offense. *State v. Toney,* 680 S.W.2d 268, 278 (Mo.App.1984).

■ Defendant relies on *State v. Carroll,* 585 S.W.2d 152, 153, (Mo.App.1979) which held: "To charge the crime of robbery in the first degree it is mandatory that the information aver either the element of violence or putting in fear." *Carroll* addressed Section 560.120 RSMo 1969 which specifically required, as an element of robbery in the first degree, violence to the victim or putting him in fear of some immediate injury to his person. That case is inapplicable to the case, *sub judice,* because the Section 560.120 RSMo 1969 has been amended by Section 569.020 R.S.Mo. 1986.

Section 569.020, under which defendant was charged, provided that:

(1) A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, ... (4) Displays or threatens the immediate use of what appears to be a deadly weapon or dangerous instrument.

The indictment in this case charged, *inter alia:*

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 569.020, RSMo., committed the Class A Felony of robbery in the first degree, punishable upon conviction under Section 558.011(1), RSMo., in that on the 21st day of December, 1985 in the City of St. Louis, State of Missouri, the *defendant forcibly stole U.S. currency owned by James Pope, and in the course thereof defendant displayed and threatened the use of what appeared to be a deadly weapon.* (emphasis added).

The indictment tracks the language of the present statute. In addition, it tracks the language of MACH–CR 23.02.

Rule 23.01(b)(2) provides that an indictment "shall state plainly, concisely, and definitely the essential facts constituting the offense charged." Subsection (e) of Rule 23.01 adds that all indictments which are substantially consistent with the forms of indictments which have been approved by the Court shall be deemed to comply with the requirements of Rule 23.01(b)(2). Clearly the indictment is sufficient to confer jurisdiction. Defendant's first point is denied.

■ Defendant next challenges the sufficiency of the evidence. His challenge is twofold. First, defendant argues the State failed to prove the victim was subjected to violence or fear of bodily harm. As set forth under point one, the State need not prove the victim was subjected to violence or fear of bodily harm under the current statute. We therefore reject that portion of defendant's argument.

Second, defendant argues the State's evidence was so inconsistent that it lacked probative value. In his brief, defendant lists instances where he claims the trial testimony of Mr. Galbraith and Mr. Pope contradicted their own prior sworn testimony and was also inconsistent with each other's testimony during trial regarding the circumstances of the robbery.

■ Defendant appears to raise a question of the application of the rule of destructive contradictions which *"is applicable only to the respective elements of a witness's testimony at trial, not to con-*

tradictions between trial testimony and prior statements." *State v. Burns*, 671 S.W.2d 306, 311 (Mo.App.1984) (quoting *Amish v. Walnut Creek Development, Inc.*, 631 S.W.2d 866, 870 (Mo.App.1982)). In order for the rule to apply "the inconsistencies or contradictions must be so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of *all* probative force." *Id.* at 311 (quoting *City of Kansas City v. Scanland*, 506 S.W.2d 18, 20 (Mo.App.1974)).

■ After a thorough review of the testimony, we find neither Mr. Pope's testimony during trial nor Mr. Galbraith's testimony during trial to be so contradictory and inconsistent with itself as to preclude reliance thereon and rob the testimony of all probative force. The credibility of the State's witnesses and the weight to be given to their testimony was for the jury to determine. *State v. Koonce*, 731 S.W.2d 431, 439 (Mo.App.1987). Defendant's second point is denied.

In his final point, defendant claims he was deprived of a fair trial because the court admonished defense counsel, denied defendant's request to make a record on his objections, and denied his request for a mistrial, all in open court.

After a review of the record, we conclude that a written opinion would serve no jurisprudential purpose. Defendant's final point is denied pursuant to Rule 30.25(b).

The judgment is affirmed.

SIMON, P.J., and GRIMM, J., concur.