**STATE of Missouri, Respondent,**

v.

**Ronnie L. TRAWICK, Appellant.**

No. 53319.

Missouri Court of Appeals, Eastern District, Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied Sept. 13, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant pled guilty to robbery in the first degree, § 569.020, RSMo 1986, and armed criminal action, § 571.015.1, RSMo 1986. He now challenges the circuit court's jurisdiction on the robbery charge claiming the information was defective as to that charge. Finding the information to be sufficient, we affirm.

Defendant was charged by an information that read:

> The Circuit Attorney of the City of St. Louis, State of Missouri, charges that the defendant, in violation of Section 569.020, RSMo, committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on the 24th day of October, 1986, in the City of St. Louis, State of Missouri, the defendant forcibly stole $290.00 U.S. currency owned by MCDONALD'S RESTAURANT, and in the course thereof defendant was armed with a deadly weapon.

Defendant claims this information "is fatally defective for failing to aver the name of any person who was the recipient of violence or putting in fear." He further asserts the State's recitation of the facts at the plea hearing provided no additional information. At the plea hearing the prosecutor told the court:

> [T]he State is prepared to prove beyond a reasonable doubt that on the 24th day of October, 1986, at the McDonald's Restaurant which is located at 5863 Delmar, at about nine o'clock in the morning, the Defendant forcibly stole United States currency owned by the McDonald's Restaurant, and in the course of that stealing, the Defendant was armed with a deadly weapon.

An information substantially consistent with the criminal forms approved by the court "shall be deemed to comply with the requirements of ... Rule 23.01(b)." However, it is not sufficient unless it "contains all essential statutory elements of the offense and ... clearly apprises defendant of the facts constituting the offense." *State v. Jones*, 745 S.W.2d 748, 750[1] (Mo.App. 1987).

MACH–CR 23.02 the approved form for robbery in the first degree reads:

> The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 569.020, RSMo, committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that (on) (on or about) [*date*] in the (City) (County) of _____, State of Missouri, the defendant forcibly stole [*describe property*] (owned by) (in the possession of) (in the charge of) [*name of victim*], and in the course thereof (defendant) ... [*insert one of the following, omitting number and brackets*]
>
> [1]  caused serious physical injury to [*name of person injured*].
>
> [2]  was armed with a deadly weapon.
>
> [3]  (used) (threatened the immediate use of) (used and threatened the immedi-

ate use of) a dangerous instrument against [*name of person*].

[4] (displayed) (threatened the use of) (displayed and threatened the use of) what appeared to be a (deadly weapon) (dangerous instrument) (deadly weapon and dangerous instrument).

The information charging defendant followed the approved form, choosing the options "owned by" and "was armed with a deadly weapon." Defendant does not dispute that a corporation can own money, § 351.020, RSMo 1986 (a corporation may be organized for any lawful purpose); thus the issue is not whether McDonald's Restaurant had the capacity to be a victim. *See State v. S.E.*, 675 S.W.2d 86, 87[2] (Mo. App.1984) (an estate is not capable of possessing or owning property and thus cannot be the victim of a theft). The issue is whether an information charging robbery in the first degree without charging violence to a particular person is sufficient.

Robbery in the first degree occurs when a person "forcibly steals property and in the course thereof ... [i]s armed with a deadly weapon." § 569.020.1(2), RSMo 1986. "[A] person 'forcibly steals', ... when, in the course of stealing, ... he uses or threatens the immediate use of physical force upon another person...." § 569.010(1), RSMo 1986. The information charges defendant with *forcibly* stealing, and since a definition of that phrase can be found in the statutes the information put him on notice that he was being charged with using or threatening the use of force upon another person. It was unnecessary to allege violence against a particular person for robbery in the first degree. *Jones,* 745 S.W.2d at 750 (noting that *State v. Carroll,* 585 S.W.2d 152 (Mo.App.1979), deals with a previous version of the statute). *See also Sallee v. State,* 726 S.W.2d 437, 438–39[5] (Mo.App.1987) (information charging robbery in the first degree without alleging an intent to deprive, an element of stealing, was sufficient); *State v. Stigall,* 700 S.W.2d 851, 855[4] (Mo.App. 1985) (information charging manufacture of marijuana but not defining manufacture was sufficient); *State v. Mitchell,* 689 S.W. 2d 143, 145[2] (Mo.App.1985) (information

charging sexual abuse without further describing the act of abuse was sufficient); *State v. Reese,* 687 S.W.2d 635, 638 (Mo. App.1985) (information charging first degree felony murder but not alleging any of the elements of the underlying felony was sufficient).

An information charging defendant with stealing the money from the possession of a named employee would perhaps have been a better information, *State v. Wright,* 476 S.W.2d 581, 584[2] (Mo.1972) (it is the taking from possession and not the ownership that is important); but it is clear that McDonald's Restaurant, like all corporations, acts through its employees and agents, and that defendant was apprised of the charge by the indictment.

Judgment affirmed.

KELLY and REINHARD, JJ., concur.